| | |
|---|---|
| STATE OF NORTH DAKOTA<br>County of Cass | DISTRICT COURT<br>East Central Judicial District |

Madison Lynn Hanson,  )
                                                )
        Plaintiff,                     )
                                                )
v.                                        )
                                                )      **COMPLAINT**
Equifax Information Services, LLC,  )
                                              )
        Defendant.                )
                                                )
                                                )

Plaintiff, by and through her attorney, for her complaint against Defendant upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

The following case involves a major credit reporting agency falsely reporting incorrect information concerning the Goldman Sachs tradeline. Defendant Equifax Information Services, LLC ("Equifax") has repeatedly reported incorrect information regarding the payment history despite Plaintiff's attempts to correct the highly prejudicial false credit information contained in Plaintiff's report. Despite repeated attempts to correct this information, Defendant failed to respond to Plaintiff's dispute, yet failed to delete the information as required by law. The effect of Defendant's actions was damage to Plaintiff's credit score frustrating, if not totally preventing, her ability to utilize the credit system. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced the action.

3

## PARTIES

1. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of North Dakota and in the County of Cass.

2. Equifax Information Services, LLC ("Equifax") is a nationally recognized agency (CRA) registered in the State of Georgia with a service of process address listed as 600 S 2nd Street, Suite 155, Bismarck, ND 58504.

## FACTS

3. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

4. Defendant ("CRA") prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information.

5. In July 2025, Plaintiff noticed that there were inaccuracies reporting on Goldman Sachs tradeline on her credit report. Specifically, there were several late payments reporting when she had made timely payments.

6. Plaintiff promptly disputed the inaccurate accounts with the CRA.

7. Specifically, Plaintiff sent Defendant such notice via certified mail on or about September 5, 2025.

8. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

9.      Defendant failed to respond to Plaintiff's dispute yet failed to delete the information as required by law.

10.     Various individuals seeking to lend to Plaintiff consulted the consumer reports furnished by Defendant containing the false and misleading information at issue.

11.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

12.     Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

13.     CRAs that sell consumer reports must comply with the FCRA. FCRA Section 604, 15 USC § 1681i(b), requires CRAs to assure that users have a permissible purpose for the use of consumer reports. The Consumer Financial Protection Bureau has recently emphasized the growing importance of the FCRA's data privacy protections.[1]

14.     FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

---

[1] https://www.govinfo.gov/content/pkg/FR-2022-07-12/pdf/2022-14823.pdf

5

00275-Hanson

15. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

16. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

17. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT

### Willful Noncompliance with the FCRA

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The CRA willfully failed to comply with the requirements of FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

   c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

   d. failing to comply with the requirements of 15 USC § 1681g;

6

  e. failing to comply with the requirements of 15 USC § 1681i; and

As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The CRA negligently failed to comply with the requirements of FCRA, including but not limited to:

  a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

  b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

  c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

  d. failing to comply with the requirements of 15 USC § 1681g;

  e. failing to comply with the requirements of 15 USC § 1681i; and

7

22. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## Jury Demand

23. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

    c. Injunctive relief prohibiting such conduct in the future;

    d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

    e. Any other relief deemed appropriate by this Honorable Court.

Dated: November 24, 2025

**MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com

8

00275-Hanson

**USPS CERTIFIED MAIL**

9214 8901 4298 0436 0675 48

*CERTIFIED MAIL*

MinnDak Law
625 Main Ave
Suite 152
Moorhead MN 56560



0012966090000011
Equifax Information Services COMPLAINT
418 N 2ND ST
Bismarck ND 58501
USA

FIRST-CLASS MAIL
U.S. POSTAGE AND FEES
LETTERS

| | |
|---|---|
| STATE OF NORTH DAKOTA<br>County of Cass | DISTRICT COURT<br>East Central Judicial District |

Madison Lynn Hanson,   )
                                             )
      Plaintiff,                          )
                                             )
v.                                           )
                                             )
Equifax Information Services, LLC.,   )      **SUMMONS**
                                             )
      Defendant.                    )
                                             )
                                             )

      1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

      2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

           625 Main Ave, Suite 152
           Moorhead, MN 56560

      3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

00275-Hanson

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

Dated: November 24, 2025                **MINNDAK LAW, PLLC**

/s/ Catrina Smith
Catrina Smith (#09895)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

2

00275-Hanson